```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      NORTHERN DIVISION at ASHLAND
```

| | | |
|---|---|---|
| MARVIN NEAL, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 0: 20-076-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| H. ALLEN BEARD, JR., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Marvin Neal is a federal prisoner currently confined at the Federal Correctional Institution ("FCI")-Ashland located in Ashland, Kentucky. Proceeding without counsel, Neal has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges his security classification by the Bureau of Prisons ("BOP"), which he claims prevents him from qualifying for compassionate release from custody. [R. 1]. Neal did not pay the $5.00 filing fee as required by 28 U.S.C. § 1914 nor did he file a motion for leave to proceed *in forma pauperis*.

This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

1

relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In December 2010, pursuant to a plea agreement with the United States, Neal pled guilty to criminal charges filed in two separate cases in the United States District Court for the Eastern District of Pennsylvania. In *United States v. Neal*, No. 2:08-cr-628-JMG-5 (E.D. Pa. 2008), Neal pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (Count One); one count of attempted possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (Count Two); and one count of possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). In *United States v. Neal*, No. 2:10-cr-685-JMG-1 (E.D. Pa. 2010), Neal pled guilty to one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). In August 2012, Neal was sentenced to terms of imprisonment of 240-months as to each of Counts One, Two, and Three in Case No. 08-cr-628 and 240-months as to Count One in Case No. 10-cr-685, all terms to run concurrently for a total term of imprisonment of 240 months. Neal is currently projected to be released from the custody of the federal Bureau of Prisons ("BOP")

on December 1, 2025. *See* https://www.bop.gov/inmateloc/ (last visited on July 13, 2020).

On June 18, 2020, Neal filed a letter in the Court that sentenced him requesting the assistance of counsel for purposes of filing a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), citing the risk of serious, potentially fatal, complications posed to him by the COVID-19 pandemic in light of his current health conditions. In his letter, he states that he is utilizing the Bureau of Prisons' ("BOP") administrative remedy process, but he believes that it may be futile. *United States v. Neal*, No. 2:08-cr-628-JMG-5 (E.D. Pa. 2008) at R. 228. The sentencing court referred the matter to the Federal Community Defender Office for the Eastern District of Pennsylvania for screening and the matter remains pending.

On June 29, 2020, the Clerk of this Court received Neal's § 2241 petition, also seeking assistance in his bid to obtain compassionate release to home confinement in light of the COVID-19 pandemic. [R. 1]. In his § 2241 petition filed in this Court, Neal states that he was denied transfer to home confinement in April 2020 because the staff at FCI-Ashland determined that his prior misdemeanor conviction for disorderly conduct was proof of a history of violence. *Id*. at 1-2. Neal claims that, although he was originally charged with committing battery on a police officer,

3

"in court, the judge did not believe the officer, and sentenced Mr. Neal to a fine for a lesser charge." *Id*. at 2. Thus, Neal requests that this Court apply the "categorical approach" used when analyzing the nature of prior convictions for purposes of the application of a sentencing enhancement to his prior misdemeanor conviction, find that it is not a crime of violence, and order the BOP to re-classify Neal accordingly. *Id*. at 4-5. He claims that he does not need to exhaust his administrative remedies prior to pursuing his claim in this Court in light of the Sixth Circuit's recent decision in *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020), which he claims ruled that "exhaustion of administrative remedies is not required under the Prison Litigation Reform Act for claims relating to the transfer or release of medically vulnerable inmates due to the COVID-19 pandemic under 28 U.S.C. § 2241." *Id*. at 2.

However, Neal's petition must be denied without prejudice. First, in *Wilson*, the Sixth Circuit held that a petitioner claiming that there are *no* set of conditions that are constitutionally sufficient for their confinement may proceed in a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, as such a claim "should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Wilson*, 961 F.3d at 838. Because the petitioners' claims in *Wilson* were properly

4

brought under § 2241, the Court rejected the Bureau of Prisons' argument that the claims are foreclosed by the provisions of the Prison Litigation Reform Act ("PLRA") governing the appropriate remedies with respect to prison conditions, 18 U.S.C. § 3626, because the PLRA does not apply in habeas proceedings. *Wilson*, 961 F.3d at 839 (citing 18 U.S.C. § 3626(g)(2)).[1] However, at no point did the Sixth Circuit in *Wilson* even address the requirement that a habeas petitioner must exhaust the available administrative remedies before filing such a petition, much less hold that exhaustion was not required.

Indeed, it has long been the rule that, before a prisoner may seek habeas relief under Section 2241, he must first exhaust his administrative remedies within the Bureau of Prisons. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). *See also Leslie v. United States*, 89 Fed. Appx. 960, 961(6th Cir. 2004) ("it is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241.");28 C.F.R. §§ 542.10-.16. "The exhaustion of administrative remedies procedure

---

[1] 18 U.S.C. § 3626(g)(2) specifically exempts "habeas corpus proceedings challenging the fact or duration of confinement in prison" from the definition of the "civil action with respect to prison conditions" to which the statute applies. 18 U.S.C. § 3626(g)(2).

5

required of a § 2241 petitioner is not a statutory (PLRA) requirement, but instead, is a wholly judicially created requirement." *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689 (E.D. Ky. 2004) (citing *Wesley v. Lamanna,* 27 Fed.Appx. 438, 2001 WL 1450759 (6th Cir. 2001)). Thus, Neal's claim that *Wilson* held that he is not required to exhaust his claims before filing his § 2241 petition is simply incorrect.

Moreover, Neal's petition indicates that he seeks re-classification in order to "qualify" for home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), enacted on March 27, 2020, which includes a provision that temporarily expands the length of the maximum amount of time for which the Attorney General is authorized to place a prisoner in home confinement under 18 U.S.C. § 3624(c)(2). *See* CARES Act, § 12003(b)(2) (enacted Mar. 27, 2020). However, while 18 U.S.C. § 3624(c) authorizes that BOP to *consider* placing an inmate in home confinement, a prisoner is not automatically entitled, or guaranteed, such placement for any amount of time. 18 U.S.C. § 3624(c); *see also Heard v. Quintana*, 184 F.Supp. 3d 515, 520 (E.D. Ky. 2016); *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Boals v. Quintana*, No. 5:15-cv-335-JMH, 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11, 2015). Rather, "the decision to place an inmate in pre-release community confinement and/or home confinement is

6

discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b)." *Boals*, 2015 WL 8665404 at *2 (citing *McIntosh v. Hickey*, No. 10-cv-126-JMH, 2010 WL 1959308, at *3 (E.D. Ky. May 17, 2010)). The BOP's placement decisions, including determinations regarding home confinement, are expressly insulated from judicial review, as the provisions of the Administrative Procedures Act ("APA") do not apply to such decisions. 28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Cf. *Woodard v. Quintana*, No. 5:15-cv-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015).

Finally, to the extent that Neal seeks an order declaring that he is entitled to immediate compassionate release in this Court, in *Wilson*, the Sixth Circuit further explained that "[a] district court reviewing a claim under § 2241 does not have authority to circumvent the established procedures governing the various forms of release enacted by Congress." *Wilson*, 961 F.3d at 838. And a motion for compassionate release, even if styled as a § 2241 petition, is actually a motion for modification of a sentence made pursuant to 18 U.S.C. § 3582. However, a § 3582(c) motion for modification of an imposed term of imprisonment must be made to the Court that sentenced Neal, and may not be filed in

7

this Court. *See* 18 U.S.C. § 3582(c) (providing the limited circumstances under which the court that imposed a sentence may modify that sentence). Indeed, "although the [Bureau of Prisons] has the ability to recommend compassionate release, only the sentencing court is authorized to reduce a term of imprisonment." *See Wilson*, 961 F.3d at 844. Thus, to the extent that Neal wishes to seek a modification of his sentence, he must pursue this claim in the court that sentenced him, which it appears that he is currently doing.[2]

For all of these reasons, Neal is not entitled to habeas relief based on his § 2241 petition. Thus, his § 2241 petition will be denied.

Accordingly, it is **ORDERED** as follows:

1. Petitioner Marvin Neal's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

---

[2] In *United States v. Alam*, 960 F.3d 831(6th Cir. 2020), the Sixth Circuit confirmed that a prisoner seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) must comply with that statute's administrative exhaustion requirement prior to seeking relief in federal court, specifically finding that the "unprecedented" COVID-19 pandemic does not warrant a departure from the exhaustion requirement, as "[t]he seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk." *Id*. at 835-836.

8

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 14th day of July, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge